JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFF
ADAM H. FEINSTEIN
and
LEE I. FEINSTEIN

**DEFENDANT**
GREENPOINT MORTGAGE FUNDING, INC.
and
EMC MORTGAGE CORPORATION

(b) County of Residence of First Listed Plaintiff: Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: unknown
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cary L. Flitter, Esq.
Lundy, Flitter, Beldecos & Berger, P.C., 450 N. Narberth Avenue, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1640
Brief description of cause: Truth in Lending Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 5/7/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

44 Réverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required b w, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of th lerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed he attorney filing a case should complete the form as follows:

(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use onl e full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, givin oth name and title.

(b) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time o ling. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, th ounty of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in is section "(see attachment)".

. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

nited States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

nited States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

ederal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to th onstitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and bo or 2 should be marked.

iversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the fferent parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

I. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section or each principal party.

/. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficien enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, selec e most definitive.

. **Origin.** Place an "X" in one of the seven boxes.

riginal Proceedings. (1) Cases which originate in the United States district courts.

emoved from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for moval is granted, check this box.

emanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

einstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

ransferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict tigation transfers.

Iultidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is ecked, do not check (5) above.

ppeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

I. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes** nless diversity.       Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

II. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

emand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

iry Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

III. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and e corresponding judge names for such cases.

ate and Attorney Signature. Date and sign the civil cover sheet.

APPENDIX I

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ADAM H. FEINSTEIN<br>and<br>LEE I. FEINSTEIN<br>v.<br>GREENPOINT MORTGAGE FUNDING, INC.<br>and<br>EMC MORTGAGE CORPORATION | : <br>: <br>: <br>: <br>: <br>: <br>: | CIVIL ACTION |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (   )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                                    (   )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                              (   )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management
      by the court. (See reverse side of this form for a detailed explanation of special
      management cases)                                                                                                (   )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

5/7/07                       _(signature)_                                _____
**Date**                    **Attorney at Law**                        **Attorney for Plaintiff**

610-822-0782        610-667-0552                             cflitter@lfbb.com
**Telephone**        **Fax Number**                         **E-Mail Address**

(Civ.660) 10/02

UNITED STATES DISTRICT COURT                                    APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1804 Banbridge Street, Philadelphia, PA 19146 and 16 Exton Circle Cherry Hill, NJ 08003

Address of Defendant: 2730 West Tyvola Road, Suite 300, Charlotte, NC 28217 and 909 Hidden Ridge Drive, Suite 200, Irving, TX 75038

Place of Accident, Incident or Transaction: 1804 Banbridge Street, Philadelphia, PA 19146     *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. §1640
    Truth in Lending Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, CARY L. FLITTER, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☑ Relief other than monetary damages is sought

DATE: 5/7/07    _____Cary L Flitter_____    35047
                    Attorney-at-Law                Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/7/07    _____Cary L Flitter_____    35047
                    Attorney-at-Law                Attorney I.D.

CIV.609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM H. FEINSTEIN<br>1804 Banbridge Street<br>Philadelphia, PA 19146<br>    and<br>LEE I. FEINSTEIN<br>16 Exton Circle<br>Cherry Hill, NJ 08003<br>               Plaintiff<br><br>vs.<br><br>GREENPOINT MORTGAGE FUNDING, INC.<br>2730 West Tyvola Road<br>Suite 300<br>Charlotte, NC 28217<br>    and<br>EMC MORTGAGE CORPORATION<br>909 Hidden Ridge Drive<br>Suite 200<br>Irving, TX 75038<br>               Defendant | CIVIL ACTION<br><br><br><br><br>NO. |

## COMPLAINT

### I.   INTRODUCTION

1.    This is a complaint for rescission of a residential mortgage loan and damages arising under the Truth in Lending Act, 15 U.S.C. §1601 ("TILA"). Plaintiffs Adam H. Feinstein ("Adam") and Lee I. Feinstein ("Lee") are co-owners of a home in Philadelphia. Although Lee was the sole borrower, defendants took a security interest in the dwelling. The home at all times material was Adam's principal dwelling. GreenPoint Mortgage Funding, Inc. failed to provide Adam, a co-mortgagor, with the material disclosures and the three-day notice of right to cancel required by TILA. Adam has a continuing right to rescind under the statute and implementing regulations, and has timely rescinded. Defendants have refused to honor the

rescission notice. Plaintiffs seek a declaration of the right to rescind, an order directing that rescission take place, and for the refunds, damages and other relief provided by TILA.

## II. **PARTIES**

2. Plaintiff Adam H. Feinstein ("Adam") is an adult individual who currently, and since at least 1984, has had his principal dwelling at 1804 Bainbridge Street in Philadelphia, Pennsylvania ("Property").

3. Plaintiff Lee I. Feinstein ("Lee") is an adult individual who resides in Cherry Hill, New Jersey at the address captioned.

4. Lee is and at all material times was a co-owner of the property with Adam.

5. Lee and Adam are brothers.

6. Defendant GreenPoint Mortgage Funding, Inc. ("GreenPoint") is a foreign corporation which, in the ordinary course of its business, regularly extended or offered to extend consumer credit for which a finance charge was imposed.

7. GreenPoint is the party to whom the mortgage loan which is the subject of this lawsuit is initially payable. GreenPoint is the "creditor" in the transaction within the contemplation of the Truth in Lending Act, 15 U.S.C. §1602(f), and implementing Regulation Z, Section 226.2 (a)(17).

8. Defendant EMC Mortgage Corporation ("EMC") is believed to be the current servicer of the mortgage loan.

9. EMC is believed to be a foreign corporation who may, by virtue of its role as servicer, be entitled to notice of its right to participate in this lawsuit or be responsible for the rescission.

2

### III. JURISDICTION

10. Jurisdiction of this Court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. §1640(e) and 28 U.S.C. §1337.

11. Venue is proper in this district as the mortgage property is situate here. 28 U.S.C. §1391.

### IV. FACTUAL BACKGROUND

12. In or about September, 2005, Lee sought to take out a consumer loan collateralized by the Property.

13. Lee was the sole borrower. However, because the Property was to be pledged as collateral for the loan, the lender required that a mortgage be given by both Lee and Adam, co-owners.

14. At the time of the loan in 2005, at the present time, and for many years prior hereto, Adam lived in the Property as his principal dwelling. Lee did not live in the Property in 2005 but lived, and lives in Cherry Hill, New Jersey.

15. In or about October, 2005, GreenPoint closed on the loan with Lee. The amount financed was $91,900.00.

16. Lee was presented with a Truth in Lending Disclosure Statement, a copy of which is attached hereto as Exhibit "A".

17. The lender was advised, and knew, that the property was owned jointly by Lee and Adam.

18. The transaction was a consumer credit transaction subject to plaintiffs right of rescission as set forth in the TILA, 15 U.S.C. §1635 and Regulation Z, Section 226.23.

19. Regulation Z, Section 226.23(a) provides impertinent part;

> "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section."

20. Paragraph (f) of Section 226.23 refers to certain exempt transactions which are inapplicable here.

21. GreenPoint failed to deliver to Adam two (2) copies of the notice of right to rescind in a form he could keep as required by Regulation Z, Section 226.23(b). Indeed, GreenPoint apparently did not wait three days to disburse.

22. Under the Act, the consumer may exercise the right to rescind until midnight of the third business day following consummation and delivery of the rescission notice or delivery of all material disclosures, which ever last occurs. Regulation Z, Section 226.23(3).

23. In the course of the transaction and through consummation, defendant GreenPoint failed to deliver to Adam a form of rescission notice and all material disclosures required by TILA and Regulation Z.

24. On or about April 13, 2007, plaintiffs, through their attorney, rescinded the transaction by sending to defendant GreenPoint and to defendant EMC as servicer a Notice of Rescission. A copy of the Notice of Rescission is appended hereto as Exhibit "B".

25. EMC has not responded to the Notice of Rescission. GreenPoint responded to the Notice of Rescission refusing to honor the notice, claiming that plaintiffs have no right to rescind.

26. Plaintiffs seek relief directing defendants to honor the rescission notice and to

make the restitution and refunds required by the TILA.

## COUNT I – TRUTH IN LENDING RESCISSION

27. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

28. GreenPoint failed to make the required disclosures, including Notice of Right to Rescind, to co-mortgagor Adam.

29. As a result, the right to rescind continues for a period of three (3) years from consummation of the loan in 2005. Adam's notice of right to rescind dated April 13, 2007 was timely and valid.

30. Defendants' failure to honor the rescission is wrongful.

## COUNT II – TILA DAMAGES AND DECLATORY RELIEF

31. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

32. GreenPoint failed to deliver the material disclosures and the notice of rescission in a timely manner as required under TILA, entitling plaintiffs to relief. 15 U.S.C. §1640.

33. The failure of defendants to honor the plaintiffs request for rescission constitutes a further and distinct violation of the TILA, entitling plaintiffs to money damages. 15 U.S.C. §1640(a)(2).

**WHEREFORE**, Plaintiffs, Adam H. Feinstein and Lee H. Feinstein demand judgment against defendants as follows:

    (a) A declaration of the right to rescind the transaction, 28 U.S.C. §2201;

    (b) An order directing defendants, or each of them, to effect rescission as required under TILA;

    (c)    Such actual damages and refunds as are appropriate under TILA;

    (d)    Statutory damages;

    (e)    Reasonable attorney's fees and costs; and

    (f)    Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Pursuant to F.R. Civ.P. 38, Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 05/07/07

*/s/ Cary L. Flitter (CLF5997)*
CARY L. FLITTER
Attorneys for Plaintiff

LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

6